In Ejectment the Term being expired the Question was whether the Pit. might proceed for Damages
The Action of Ejectione Firmce is no more than an Action of Trespass in its Nature And was and still is the proper Remedy for a Termor for years who is ejected before his Term ended either by the Lessor or a Stranger In which Action the Pit. is to recover Damages for the Trespass and Injury done him in ejecting him and his Term if there be any to come The Declaration in this Action proves the Nature of it It sets forth a Lease made to the Pit. by virtue of which he entered And that the Deft, with force and Arms ejected him to his Damage There is not a Word of recovering the Possession in the Declaration So that as in all other Actions of Trespass Damages are the principal Thing to be recovered And the Term only an Incident if there be any to come Di. 117. Cro. El. 854. Palm. 337. 9 Co. 79. 80. Hale’s F. N. B. 505. 506.
If the Pit. enter pending the suit this shall not abate the Action-which proves the Term or Possession are not the principal Thing to be recovered but the Damages F. N. B. supra in the Notes.
The Writ of Quare ejecit infra terminum is not unlike this being the proper Remedy for a Termor for Years where his Lessor ousts him and enfeoffs another. In which Case he cannot have an Ejectione firmce against the Feoffee because he *B61 did not oust him but the Law gives him this Writ In which as in the other he shall recover his Term and Damages And in this Suit if the Term expire pending the Writ the Suit shall not abate F. N. B. 457. Thus it is clear that where there is a real Lease and Ejectm’t the Expiration of the Term will not hinder the Suit from proceeding. Indeed it would be absurd and unjust that it should because an injury is done in ejecting a Man for which he ought to have Recompense and this is the Remedy the Law has appointed.
But it seems to be agreed that in Case of a real Lease the Law is so The Objection here is that Ejectm’ts as now [59] practised are all a Fiction, a new Invention to try Titles and there is no real Trespass or Ejectm’t in the Case And therefore the same Rules & Reason cannot nor ought to govern them as when there are real Leases
I admit that most Ejectm’ts now a days are brought to try Titles and that very often there is no real Lease But it is a mistake to say there never is for there is sometimes a Necessity where there is no one upon the Land And no doubt it sometimes happens that a real Termor is ejected and then this is still the only Remedy It is true that the Lease the Entry and the Ouster in these Actions that are brought to try Titles have often no real Existence but are mere Fictions but yet the Confession of them upon Record which the Deft, by Rule of Court is compelled to, makes them have all the Operation and Effect of Realities and the Deft, shall never be admitted to aver against his own Confession Upon Record that there is no real Lease whatever the Truth may be he is estopped from saying it Indeed the Confession of the Lease Entry and Ouster are of no Use if the Deft, may afterwards deny those Facts he has confessed
This Practice then as I conceive has not at all altered the Nature of the Action of Ejectione firmce but the Declaration the Judgment and other Process is the same as if a real Lease Entry and Ouster was for long before this Practice was introduced it was usual to try Titles in this Action of Ejectione firmce.
In ancient Time the usual way of trying Titles and recovering Possession was by real Action The Process of which every body knows is very tedious, and difficult and besides a greater Inconvenience attended and that was the Peril of being concluded *B62 by a single verdict For if a verdict was found against the Demandant he was forever barred to bring any other Action unless of a higher nature This it was gave Rise to.the Invention of trying Titles in this Action of Ejectione firma where the Process is speedy and easy and a Verdict is no Barr or Conclusion of the Right but the Pit. or Deft, may bring another Ejectment if he will In the time of Lord Dier who was made C. J. 1. . Eliz. and lived to the 24, This was the Method of Practice in the King’s Bench where indeed no real Action can be brought. But then there was always a real Lease sealed and actual Entry and Ouster as is still the Case sometimes.
Lord Dier observing that by this Practice most Men chose to have their Titles tried in the King’s Bench which lessened the Business of the Common Pleas he first introduced this Method of obliging the Deft, to confess the Lease Entry and Ouster and established the Practice upon the Foot it is now that upon delivering a Declaration to the Tenant in Possession if he would not appear and confess the Lease &c. Judgment should be entered against him by Default And this Method being found easier than the old way of actually sealing Leases soon became the Practice of both Courts and have continued so ever since. [60] No Man will say that the N ature of this Action is at all altered or changed where a real Lease is sealed altho’ the Title do come in Question Neither can it then upon these feigned Leases since by the Confession they have all the Effect of real ones.
It is common in Actions of Trespass for the Title of Lands to come in Question And they are often brought for no other end yet the nature of the Action is still the same and so is the Ejectment.
■ In 9 Co. 77. Peytoe’s Case it is adjudged that Accord and Satisfaction are a good Plea in Ejectment and the Reason given is because Damages are the principal Thing recovered. Those who argued against the Opinion agreed that if the Term expired pending the Writ it would be a good Plea because then only Damages could be recovered.
And I must beg leave to add the Authority of Sr. E. Coke in his 1 Inst, who expressly says that tho’ the Term incur pending the Suit the Action shall not abate He takes a Difference where Part of the Action determines by Act in Law and the like Action remains for the Residue and where the like Action does not re *B63 main for the Residue. In the last Case he says the Suit shall abate but not in the other and this he illustrates by two examples 1. Of an Action of Waste brought aganist Tenant for another’s Life and pending the Writ Cestui que vie dies yet the Action shall go on for Damages and so in Ejectment if the Term incur Yet the Action shall proceed for Damages because in both Cases an Action will lie for Damages only And these Cases are exactly parallel for in the first the Action of Waste the-proper and regular Judgment is to recover the Place wasted and Damages but Judgment cannot be for the Place wasted after the Death of Cestui que Vie when the Interest of the Tenant in the Land is determined Yet it shall go on far Damages And so in Ejectment tho’ the Term be ended and we cannot recover that yet we may proceed for Damages. I must observe that this Book of Sr. Edward Coke’s was wrote long after this new Method of Practice as it is called was introduced And so were most of the Cases cited 3 Mod. 249. is a more Modern Authority And Mr. Danvers who wrote much later has the same Point in his Abridgm’t 2 Part 757. In the Case of Shaw & Weigh Fitzgibb. 17. which happened in the 1. of the present King Lord Raymond who delivers the Opinion of the Court says that the Term being expired the Pit. cannot have Judgment for the Possession only for the Damages which is a plain and very recent authority that the Action does not abate by the incurring of the Term
[61] It has indeed been offered to account for the Opinion by taking a Difference where there is a Verdict and where there is none and yet in the Case of Shaw and Weigh there was a Verdict which there is not in this Case But where is the Sense or Reason of this Difference. The Argument is that by the Expiration of the Term the foundation of the Action is destroyed the Lease is expired and it is absurd there should be a Judgment when it is known the Possessoin is the Thing intended to be recovered. Is not this Argument equally strong whether there be a Verdict or not If the Pit’s right of Action is really determined by the Expiration of the Lease what good Reason can be given why he should recover after Verdict more than before. In other Cases it is not so but where the Right of Action determined a Verdict will not help the Pit. Indeed it would be absurd that it should And therefore the granting that after a *B64 Verdict the Action may proceed does allow that there is a Right of Action in the Pit. tho. the Term be expired.
This Difference as it has no Foundation in Reason so neither is there any Authority for it. But there are Authoritys expressly against it. It may be fashionable for any thing I know to despise my Lord Coke and his Authority which is express that you may proceed to recover the Damages tho’ the Term be expired. Now how can you proceed to recover Damages if if they be given before. This cannot be sayed with any Propriety and Coke was a very exact writer — 3 Mod. 249. is said to be the Saying of Council. But it is not denied on the other Side and so it is of some Weight Danvers a most accurate Writer and good Lawyer says the Same and lastly Lord Raymond whose Authority alone is sufficient.
The Cases on the other Side cited out of Salk are nothing to the Purpose. The Court refused to enlarge the Term but they did not say they could not proceed for Damages. But say they the Motion would be useless if the Pit. might proceed for Damages That is a great Mistake. Possession is certainly some advantage. In England we know it is a very great one. The Expence and Delay attending Law Suits there is a Sufficient Reason for the Pit. to move to enlarge the Term to prevent the Charge and Delay of another Suit which he must be at to recover the Possession Death of Lessor does not abate suit tho’ it is equally well known to be his suit and not the Lessee's as well as that the Term is a Fiction.
Sal. 254.
No reason that it should abate nor no Inconvenience that it should not. If the Law was so the late Acts to prevent Suits abating in other Cases would have taken in this

Upon this very clear Point the Court at first was against me hut upon hearing a second argumt.

Judgment was given that the Plaintif might proceed for Damages by the Opinion of Lee, Tayloe, Randolph, Carter, Grymes, Robinson, Byrd, the Governor Lightfoot, Custis, Diggs con. Blair dubitante.